UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YAIR ROSALES GARCIA,

                          Plaintiff,

            v.

NOAH'S ARK BAGELS CORP., et al.,

                          Defendants.

24 Civ. 3235 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

In this action, Plaintiff brings claims under the Fair Labor Standards Act ("FLSA").  The

parties have reached a settlement on all issues.  In the Second Circuit, "parties cannot privately

settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil

Procedure 41 absent the approval of the district court or the Department of Labor."  *Fisher v. SD

Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have

used to determine whether a proposed settlement and award of attorneys' fees is fair and

reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir.

2015).   On July 9, 2024, the parties file a joint motion for approval of their settlement

agreement.  *See* Jt. Mot., ECF No. 12.

It is hereby **ORDERED** that the parties' motion for approval of their settlement is

**GRANTED**.  The settlement payment totals $6,000.  *See id.* at 2.  Of this, $2,325 will go to

Plaintiffs' attorneys for their fees ($1,836) and costs ($489).  *See id.* at 3(a)(ii), 3(b)(iv), 3(c)(iv),

3(d)(iv).  This is 38.75% of the total settlement fund, which is in line with fee awards in FLSA

cases typically approved by courts in this District.  *See Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ.

1058, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts routinely award attorney's

fees in FLSA settlements of one-third of the total recovery."); *Hidalgo v. Torti Food Corp.*, No.

22 Civ. 10668, 2024 WL 1500819, at *2 (S.D.N.Y. Mar. 13, 2024) ("[A]ttorneys' fees in FLSA

settlements often are approximately one-third of the total settlement amount."). Although the percentage of the settlement fund that counsel will receive is above one-third, the Court notes that fees represent less than one-third of the fund and costs (some of which are fixed, including the filing fee for actions in federal court) raise the percentage of the relatively small settlement fund that counsel will receive. Plaintiff will receive $3,675, which exceeds his calculation of unpaid overtime compensation of $2,700. *See* Jt. Mot. at 2. This exceeds settlements approved in this District. *See, e.g.*, *Kim v. Choi*, No. 19 Civ. 8911, 2021 WL 1759830, at *1 (S.D.N.Y. May 4, 2021) (approving settlement where the plaintiffs would receive around 21% of their total potential recovery); *Beckert v. Ronirubinov*, No. 15 Civ. 1951, 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving settlement where Plaintiff would receive approximately 26% of their total potential recovery). Finally, the Court finds that the record does not indicate any possibility of fraud or collusion or any indication that the settlement agreement was not a product of arm's-length bargaining. *See Fisher*, 948 F.3d at 600. Accordingly, the settlement is approved as fair and reasonable.

The parties request that the Court retain jurisdiction to enforce the settlement agreement, given the six-month schedule for tendering the settlement fund. In connection with their motion for approval, the parties included a proposed stipulated agreement to dismiss the case as an attachment to the executed settlement agreement. *See* Jt. Mot. Ex. A, at 11. It is hereby **ORDERED** that the parties shall file an executed stipulation on ECF for the Court to so order by **August 30, 2024.** The Court will retain jurisdiction to enforce the parties' settlement agreement.

2

SO ORDERED.

Dated: August 23, 2024
        New York, New York

_____
                        DALE E. HO
               United States District Judge